1  MICHAEL E. STOBERSKI, ESQ.
   Nevada Bar No. 004762
2  STEPHANIE ZINNA, ESQ.
   Nevada Bar No. 011488
3  OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
   9950 West Cheyenne Avenue
4  Las Vegas, Nevada  89129
   702-384-4012
5  702-383-0701 fax
   mstoberski@ocgas.com
6  szinna@ocgas.com

7  Attorneys for Defendants WALGREEN CO., JARDEN
   CORPORATION, SUNBEAM PRODUCTS, INC.
8  and SUNBEAM PRODUCTS, INC.
   d/b/a JARDEN CONSUMER SOLUTIONS

9

10                **UNITED STATES DISTRICT COURT**

11                     **DISTRICT OF NEVADA**

12                          * * * *

13  EVELYN F. BOWEN,                    )  CASE NO.
                                        )
14             Plaintiff,               )
                                        )
15  vs.                                 )
                                        )
16  WALGREEN CO., an Illinois Corporation;  )
    JARDEN CORPORATION, a New York      )  **NOTICE OF REMOVAL OF CIVIL**
17  Corporation; SUNBEAM PRODUCTS, INC.,  )  **ACTION**
    a Florida Corporation; SUNBEAM      )
18  PRODUCTS, INC. D/B/A JARDEN         )
    CONSUMER SOLUTIONS, a foreign       )
19  corporation; DOES 1 through 30; ROE  )
    BUSINESS ENTITIES 1 through 30, inclusive  )
20  jointly and severally,              )
                                        )
21             Defendants.              )
                                        )
22  _____)

23  TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

24         Defendants WALGREEN CO., JARDEN CORPORATION, SUNBEAM PRODUCTS,

25  INC., and SUNBEAM PRODUCTS, INC. dba JARDEN CONSUMER SOLUTIONS,

26  respectfully show:

27         1.    The above-entitled action was commenced in the Eighth Judicial District Court

28  for the State of Nevada, in and for the County of Clark, and is now pending in that court.  Process

*Law Offices of*
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada  89129
(702) 384-4012     Telecopier (702) 383-0701

1  was served upon Defendants WALGREEN CO., JARDEN CORPORATION, SUNBEAM

2  PRODUCTS, INC., and SUNBEAM PRODUCTS, INC. dba JARDEN CONSUMER

3  SOLUTIONS on January 27, 2014.  Copies of said Summons and Complaint are attached hereto

4  as Exhibits "A" and "B," respectively.

5       2.    This Petition is timely filed pursuant to 28 U.S.C.A. § 1446(b).

6       3.    Defendants are informed and believe and thereon allege that there have been no

7  further proceedings or papers filed in said action.

8       4.    This action is a civil action of which this Court has original jurisdiction under the

9  provisions of 28 U.S.C.A. § 1332 and is one which may be removed to this Court by Defendants

10  pursuant to the provisions of 28 U.S.C.A. § 1441(b), in that it is a civil action wherein the matter

11  in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

12  between citizens of different States and a foreign state.

13       5.    Defendants are informed and believe and thereon allege that Plaintiff EVELYN F.

14  BOWEN, at the time of commencing this action was, and still is, a resident of the State of

15  Nevada.

16       6.    Defendant WALGREEN CO. at the time of commencing this action was, and still

17  is, an Illinois Corporation with its principal place of business in the State of Illinois.

18       7.    Defendant SUNBEAM PRODUCTS, INC. at the time of commencing this action

19  was, and still is, a Florida Corporation with its principal place of business in the State of Florida.

20       8.    Defendant SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER

21  SOLUTIONS at the time of commencing this action was, and still is, a Foreign Corporation.

22       9.    A copy of the instant Notice for Removal of Civil Action of the above-entitled

23  action to the United States District Court, District of Nevada, together with copies of the

24  Summons and Complaint have been deposited with the County Clerk's Office for the Eighth

25  Judicial District, in and for the County of Clark, Nevada.

26       10.    This Notice of Removal of Civil Action is filed with this Court within thirty (30)

27  days after receipt by Defendants of the Complaint in the above-entitled action.

28  . . .

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

1   WHEREFORE, Defendants pray that the above-entitled action be removed from the

2   Eighth Judicial District Court, in and for the County of Clark, Nevada to this Court.

3   DATED this _14th_ day of February, 2014.

OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI

By_____
    MICHAEL E. STOBERSKI, ESQ.
    Nevada Bar No. 004762
    STEPHANIE ZINNA, ESQ.
    Nevada Bar No. 011488
    9950 West Cheyenne Avenue
    Las Vegas, Nevada 89129
    Attorneys for Defendants WALGREEN CO.,
    JARDEN CORPORATION, SUNBEAM
    PRODUCTS, INC. and SUNBEAM
    PRODUCTS, INC. d/b/a JARDEN CONSUMER
    SOLUTIONS

## AFFIDAVIT OF STEPHANIE ZINNA, ESQ.

STATE OF NEVADA      )
                     )
COUNTY OF CLARK      )

I, Stephanie Zinna, being duly-sworn hereby depose and affirm

1.   That Affiant is a duly-licensed attorney practicing law in the State of Nevada, Bar No. 011488, with the law firm of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, maintaining offices at 9950 West Cheyenne Avenue, Las Vegas, Nevada 89129;

2.   That Affiant is the attorney for Defendants WALGREEN CO., JARDEN CORPORATION, SUNBEAM PRODUCTS, INC. and SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS;

3.   That Affiant has prepared and read the foregoing Notice of Removal of Civil Action and knows the matters set forth and contained therein to be true and correct to the best of your Affiant's knowledge and belief;

4.   That Affiant caused to be filed with the Clerk of the Eighth Judicial District Court a copy of Defendants' Notice of Removal of Civil Action of the above-entitled action to the

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

1  United States District Court for the District of Nevada at Las Vegas, together with a copy of the

2  Summons and the Complaint, by depositing such copies with the Deputy Clerk in the Clerk's

3  office for the Eighth Judicial District Court of the State of Nevada at the office of the County

4  Clerk, Regional Justice Center, 200 Lewis Avenue, Las Vegas, Nevada 89101.

5          5.      That Affiant caused to be served a Notice and a copy of the Notice of Removal of

6  Civil Action on KYLE A. STUCKI, ESQ., attorney of record for the Plaintiff EVELYN F.

7  BOWEN in the above-entitled action by depositing the same in the United States mail on

8  February 14, 2014, in an envelope properly addressed to Kyle A. Stucki, Richard Harris Law

9  Firm, 801 S. Fourth Street, Las Vegas, Nevada 89101.

10         FURTHER AFFIANT SAYETH NAUGHT.



STEPHANIE ZINNA

SUBSCRIBED AND SWORN to before me
this 14 day of February, 2014.

NOTARY PUBLIC in and for said
County and State

NOTARY PUBLIC
County of Clark-State of Nevada
MARGARET ANTHIS
No. 99-25447-1
My Appointment Expires Nov. 18, 2015

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

1

CERTIFICATE OF SERVICE

2    I HEREBY CERTIFY that on the 14 day of February, 2014, I served the above

3    DEFENDANTS NOTICE OF REMOVAL through the CM/ECF system of the United States

4    District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-

5    paid), upon the following:

6

7    Kyle A. Stucki
     Richard Harris Law Firm
8    801 S. Fourth Street
     Las Vegas, Nevada 89101

9

10

11                                        An employee of OLSON, CANNON, GORMLEY,
                                          ANGULO & STOBERSKI
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701



# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| EVELYN F. BOWEN, | CASE NO.: A-13-693038-C |
| Plaintiff, | DEPT. NO.: 10 |
| vs. | |
| WALGREEN CO., an Illinois Corporation; JARDEN CORPORATION, a New York Corporation; SUNBEAM PRODUCTS, INC., a Florida Corporation; SUNBEAM PRODUCTS, INC. D/B/A JARDEN CONSUMER SOLUTIONS, a foreign corporation; DOES 1 through 30; ROE BUSINESS ENTITIES 1 through 30, inclusive jointly and severally, | SUMMONS - CIVIL |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

## JARDEN CORPORATION,
### a New York Corporation

1. . If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

///

///

///

///

///

4.      The State of Nevada, its political subdivisions, agencies, officers, employees, board members,
commission members and legislators each have 45 days after service of this Summons within which to file an
Answer or other responsive pleading to the Complaint.

Issue at the direction of:

RICHARD HARRIS LAW FIRM                          CLERK OF COURT

KYLE A. STUCKI, ESQ.                             DEPUTY CLERK                        Date
Nevada Bar No. 12646                             Regional Justice Center
801 S. Fourth Street                             200 Lewis Avenue.          KORY SCHLITZ
Las Vegas, Nevada 89101                          Las Vegas, Nevada 89155
*Attorney for Plaintiff*

DEC 1 9 2013

CT

# DISTRICT COURT

## CLARK COUNTY, NEVADA

EVELYN F. BOWEN,

            Plaintiff,

vs.

CASE NO.:  A-13-693038-C
DEPT. NO.:  10

WALGREEN CO., an Illinois Corporation;
JARDEN CORPORATION, a New York
Corporation; SUNBEAM PRODUCTS, INC., a
Florida Corporation; SUNBEAM PRODUCTS,
INC. D/B/A JARDEN CONSUMER
SOLUTIONS, a foreign corporation; DOES 1
through 30; ROE BUSINESS ENTITIES 1
through 30, inclusive jointly and severally,

SUMMONS - CIVIL

            Defendants.

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### SUNBEAM PRODUCTS, INC. D/B/A JARDEN CONSUMER SOLUTIONS, a foreign corporation

1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

///

///

///

///

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Issue at the direction of:

RICHARD HARRIS LAW FIRM

KYLE A. STUCKI, ESQ.
Nevada Bar No. 12646
801 S. Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

CLERK OF COURT.

DEPUTY CLERK                                    Date
Regional Justice Center    KORY SCHULTZ
200 Lewis Avenue
Las Vegas, Nevada 89155

DEC 1 9 2013



Electronically Filed
12/12/2013 03:14:28 PM

*[signature]*

**CLERK OF THE COURT**

1  COMP
2  KYLE A. STUCKI, ESQ.
   Nevada Bar No. 12646
3  RICHARD HARRIS LAW FIRM
   801 South Fourth St.
5  Las Vegas, NV 89101
   Tel.   (702) 444-4444
6  Fax   (702) 444-4455
7  Email  Kyle@richardharrislaw.com

8  Attorneys for Plaintiff

9                          **DISTRICT COURT**
10
11                    **CLARK COUNTY, NEVADA**

12
   EVELYN F. BOWEN,
13                                              CASE NO.: A-13-693038-C
                  Plaintiff,                    DEPT. NO.:      X
14  vs.
15
   WALGREEN CO., an Illinois Corporation;      **COMPLAINT**
16  JARDEN CORPORATION, a New York
   Corporation; SUNBEAM PRODUCTS, INC., a
17  Florida Corporation; SUNBEAM PRODUCTS,
   INC. D/B/A JARDEN CONSUMER
18  SOLUTIONS, a foreign corporation; DOES 1
19  through 30; ROE BUSINESS ENTITIES 1
   through 30, inclusive jointly and severally,
20
21                  Defendants.

22

23          COMES NOW, Plaintiff EVELYN F. BOWEN by and through her attorney of record
24
25  KYLE A. STUCKI, ESQ. of the RICHARD HARRIS LAW FIRM, and complains and alleges as
26  follows:
27  ///
28  ///

                                    1

# I.
## JURISDICTION

1. That at all times relevant herein, Plaintiff EVELYN F. BOWEN (hereinafter referred to as "Plaintiff") was, and is, a resident of Clark County, Nevada.

2. That at all times relevant herein, Defendant WALGREEN CO. was, and is, an Illinois Corporation registered to do business in Nevada, which regularly causes its products to be sold in Clark County, State of Nevada.

3. That at all times relevant herein, Defendant JARDEN CORPORATION was, and is, a New York Corporation registered to do business in Nevada, which regularly causes its products to be sold in Clark County, State of Nevada.

4. That at all times relevant herein, Defendant SUNBEAM PRODUCTS, INC. was, and is, a Florida Corporation registered to do business in Nevada, which regularly causes its products to be sold in Clark County, State of Nevada.

5. That at all times relevant herein, Defendant SUNBEAM PRODUCTS, INC. D/B/A JARDEN CONSUMER SOLUTIONS was, and is, a foreign corporation registered to do business in Nevada, which regularly causes its products to be sold in Clark County, State of Nevada.

6. All the facts and circumstances that gave rise to the subject lawsuit occurred in Clark County, Nevada.

7. That Defendant DOES 1-5 and ROE BUSINESS ENTITIES 1-5, inclusive, are foreign or domestic designers and/or manufacturers of the defective heating pad or its component parts complained of herein.

///

2

8. That Defendant DOES 6-10 and ROE BUSINESS ENTITIES 6-10, inclusive, are foreign or domestic suppliers, distributors and/or retailers of the defective heating pad or its component parts complained of herein and/or are agents otherwise involved with placing the subject heating pad within the stream of commerce as related to the present matter.

9. That Defendant DOES 11-15 and ROE BUSINESS ENTITIES 11-15, inclusive, are mechanics, supervisors, managers, agents and/or employees of Defendants.

10. That Defendant DOES 16-20 and ROE BUSINESS ENTITIES 16-20, inclusive, are successor business entities that may have purchased WALGREEN CO., JARDEN CORPORATION, SUNBEAM PRODUCTS, INC. and/or SUNBEAM PRODUCTS, INC. D/B/A JARDEN CONSUMER SOLUTIONS and assumed liability for claims against WALGREEN CO., JARDEN CORPORATION, SUNBEAM PRODUCTS, INC. and/or SUNBEAM PRODUCTS, INC. D/B/A JARDEN CONSUMER SOLUTIONS.

11. That the true names and capacities of the Defendants designated herein as DOE or ROE BUSINESS ENTITIES are presently unknown to Plaintiffs at this time. Therefore, Plaintiffs sue said Defendants by fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiffs will amend this Complaint accordingly.

12. That at all times pertinent, Defendants designated herein as DOE or ROE BUSINESS ENTITIES were agents, servants, employees or join venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and

3

RICHARD HARRIS
LAW FIRM

course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

13. That at all times pertinent, Defendants designated herein as DOE or ROE BUSINESS ENTITIES was in some manner negligently, strictly or otherwise responsible for the events and happenings referred to and caused damages to Plaintiffs as herein alleged.

14. Plaintiffs will ask leave of the court to amend the Complaint to insert the true names of such defendants when the same have been ascertained.

## II.
## GENERAL ALLEGATIONS

15. Plaintiffs repeat and reallege paragraphs 1-14 as though the same were fully set forth at length herein.

16. On or about December 31, 2011, Plaintiff was at home resting with a heating pad on her back.

17. The heating pad was purchased and owned by Plaintiff.

18. The heating pad suddenly, and without warning, lit on fire, causing injury to Plaintiff and burning a hole through a towel, two sheets, a mattress pad, a blanket and a mattress.

19. The heating pad was manufactured by WALGREEN CO., JARDEN CORPORATION, SUNBEAM PRODUCTS, INC. or SUNBEAM PRODUCTS, INC. D/B/A JARDEN CONSUMER SOLUTIONS.

20. The heating pad was purchased from WALGREEN CO.

///

///

4

**III.**
**FIRST CAUSE OF ACTION**
**(Strict Product Liability as to all Defendants)**

21. Plaintiffs repeat and reallege paragraphs 1-20 as though the same were fully set forth at length herein.

22. At the time the heating pad was placed in the stream of commerce by Defendants, the heating pad was defective and unreasonably dangerous, without limitation, as follows:

   a. Defects in the design of the heating pad;

   b. Defects in the manufacture of the heating pad;

   c. Defects in the warnings or labels accompanying the heating pad; and

   d. Other defects that may later be revealed during discovery.

23. The failure of the heating pad, and the damages sustained by Plaintiff were a direct and proximate result of the defects in the heating pad, which was being used in the manner intended or in a manner unintended but foreseeable.

24. Defendants are strictly liable for the injuries and damages sustained by Plaintiff.

**IV.**
**SECOND CAUSE OF ACTION**
**(Negligence as to all Defendants)**

25. Plaintiffs repeat and reallege paragraphs 1-24 as though the same were fully set forth at length herein.

26. Defendants had a duty to Plaintiff to exercise reasonable care in its design, testing, manufacturing, sale, examining, maintaining, repairing and/or certification of the heating pad.

5

27. Defendants failed to exercise the reasonable care in its design, testing, manufacturing, sale, examination, maintenance, repair and/or certification of the heating pad.

28. Defendants' acts and/or omissions are the proximate and legal cause of the failure of the heating pad and the damages sustained by Plaintiff.

29. Plaintiff sustained injuries and damages as a result of Defendants' breach of their duty/duties.

## V.
## THIRD CAUSE OF ACTION
### (Breach of Express Warranties as to all Defendants)

30. Plaintiffs repeat and reallege paragraphs 1-29 as though the same were fully set forth at length herein.

31. Defendants expressly warranted that the heating pad was free from defects.

32. Defendants breached the express warranties, and these breaches of warranty were the proximate and legal cause of the failure of the heating pad.

33. Plaintiff sustained injuries and damages as a result of Defendants' breach.

## VI.
## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability as to all Defendants)

34. Plaintiffs repeat and reallege paragraphs 1-33 as though the same were fully set forth at length herein.

35. Defendants breached the implied warranty of merchantability, and their breach of warranty was the proximate and legal cause of the failure of the heating pad.

36. Plaintiff sustained injuries and damages as a result of Defendants' breach.

///

///

6

RICHARD HARRIS
LAW FIRM

**VII.**
**FIFTH CAUSE OF ACTION**
**(Breach of Implied Warranty of Fitness**
**for a Particular Purpose as to all Defendants)**

37. Plaintiffs repeat and reallege paragraphs 1-36 as though the same were fully set forth at length herein.

38. Defendants had reason to know:

    a. the particular purpose for which the heating pad would be used, and;

    b. that Plaintiff was relying on Defendants' skill and judgment to provide a suitable product.

39. Defendants implicitly warranted that the heating pad were fit for the particular purpose for which it was required.

40. Defendants breached their implied warranty of fitness for a particular purpose, and its breach of warranty was the proximate and legal cause of the failure of the heating pad.

41. Plaintiff sustained injuries and damages as a result of Defendants' breach.

**VIII.**
**SIXTH CAUSE OF ACTION**
**(Punitive Damages as to all Defendants)**

42. Plaintiffs repeat and reallege paragraphs 1-41 as though the same were fully set forth at length herein.

43. That at all times relevant herein, Defendants acted with conscious disregard, fraudulently, with express and implied malice and/or oppressively towards Plaintiff.

44. That, specifically, Defendants' conduct gives rise to and supports a claim for punitive damages pursuant to NRS 42.007.

7

45.   That as a direct and proximate result of the acts of Defendants, Plaintiff has incurred damages and is thereby entitled to punitive damages in excess of $10,000.00.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint at the time of trial of the action to include all items of damage not yet ascertainable and for any causes of action which discovery may so provide, demands judgment against Defendants, and each of them, as follows:

1.   For a sum in excess of $10,000 for special damages;

2.   For a sum in excess of $10,000 for general damages;

3.   For a sum in excess of $10,000 for punitive damages;

4.   For reasonable attorneys' fees plus costs of suit; and

5.   For such other and further relief as the Court may deem just and proper.

DATED this ___12th___ day of December, 2013.

**RICHARD HARRIS LAW FIRM**

KYLE A. STUCKI, ESQ.
Nevada Bar No. 12646
801 S. Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff

8